IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 1:19-CR-758 |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **JOSE LATORRES,** | |
| **Defendant.** | **MEMORANDUM OPINION AND ORDER** |

This matter is before the Court upon Defendant Jose Latorres's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) filed on October 11, 2022 ("Defendant's Motion"). (Doc. No 102.) On October 17, 2022, the Court sent Defendant's Motion to the Office of the Federal Public Defender's Office for Review. On November 10, 2022, the Federal Public Defender's Office, through Attorney Edward G. Bryan, filed a filed a Notice of Intent Not to File a Supplement, indicating that the Federal Public Defender's Office did not intend to file a supplemental motion on behalf of Defendant. (Doc. No. 103.) After obtaining and being granted an extension of time until December 17, 2022 to respond to Defendant's Motion, The United States of America filed the Government's Response in Opposition to Defendant's Motion, on December 16, 2022 ("the Government's Opposition"). (Doc. No. 108.) For the reasons set forth below, Defendant's Motion is DENIED.

**BACKGROUND**

On November 5, 2020, Defendant entered into a written Plea Agreement with the United States pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, wherein he: plead guilty to one count of conspiracy to possess with intent to distribute controlled substances, and one

count of possession with intent to distribute methamphetamine; admitted his offense conduct involved at least 50 grams of methamphetamine for distribution; and agreed to a binding 120-month sentence. (Doc. No. 65.) On February 25, 2021, the Court accepted Defendant's guilty plea and sentenced him to the agreed-upon term of imprisonment of 120 months.

On July 25, 2022, Defendant submitted a request for compassionate release to the warden of his institution based on extraordinary and compelling circumstances, but the warden denied his request on August 18, 2022. (Doc. No. 102, PageID #s 634, 638-642.) Therefore, Defendant has met the exhaustion requirement. In Defendant's Motion, Defendant alleges that extraordinary and compelling circumstances warrant a sentence reduction under the First Step Act. Specifically, Defendant alleges that the following constitute extraordinary and compelling circumstances: his assertion that he has served half of his sentence, based upon his calculations of good time credit the BOP should give him; he has a daughter who would be better served living with him, rather than her mother; he had a difficult upbringing; and he has completed a class while incarcerated and is waiting and hoping to complete more classes.

## STANDARD OF REVIEW/DISCUSSION

The Sixth Circuit Court of Appeals recently explained:

> By statute, three substantive requirements must be met before a district court may grant compassionate release. 18 U.S.C. § 3582(c)(1)(A). First, the court must determine that "extraordinary and compelling reasons warrant" a sentence reduction. *Ruffin*, 978 F.3d at 1004 (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). Second, the court must find that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission, *see* U.S.S.G. § 1B1.13. *Ruffin*, 978 F.3d at 1005. Third, the court must consider the applicable § 3553(a) factors. *Id.*; *see* 18 U.S.C. § 3582(c)(1)(A). . . . [W]hen a prisoner [brings a motion on his own accord], the First Step Act renders U.S.S.G. § 1B1.13 inapplicable, meaning district courts enjoy "full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Jones*, 980 F.3d at 1111. That leaves a district court to focus on steps one and three, as it may now "skip step two of the § 3582(c)(1)(A) inquiry." *Id.*

*United States v. Hampton*, 985 F.3d 530, 532 (6th Cir. 2021).

Moreover, according to the Sixth Circuit, "a district court may deny compassionate release if it finds that the defendant fails to meet any one of the three steps,[1] and may do so without addressing any of the other criteria." *United States v. Taylor*, No. 20-4241, 2021 WL 2182320, at *2 (6th Cir. May 28, 2021) (citing *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021)).  And, while the Sixth Circuit has concluded that as presently written, U.S.S.G. § 1B1.13 is not a policy statement applicable to inmate-filed motions for compassionate release, and does not bind district courts in this context, citing *United States v. Elias*, No. 20-3654, 2021 WL 51069 at *4 (6th Cir. Jan. 6, 2021), and *United States v. Jones*, 980 F.3d 1108, 1108-11 (6th Cir. 2020), it has also concluded that courts "may look to § 1B1.13 as relevant, even if no longer binding," in considering how to define the term "extraordinary and compelling" circumstances or reasons, citing *United States v. Tomes*, 990 F.3d 500, 503 (6th Cir. 2021) (citing with approval *United States v. Byrd*, 842 F.App'x 915, 918 (5th Cir. 2021).

The Court finds that none of the circumstances outlined by Defendant, when viewed individually or collectively, constitute "extraordinary and compelling" circumstances warranting Defendant's early release.  (*See* USSG § 1B1.13, Application Notes.)  And, although Application Note 2 indicates that an "extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment," it is nonetheless worth pointing out, as the Government has, that the Court was well aware of and considered Defendant's history and characteristics, to include his difficult childhood, and that Defendant had a minor daughter who was living with her mother, at the time the Court accepted

---

[1] Those three criteria are:  extraordinary and compelling reasons justifying release; the applicable § 3553(a) factors; and any applicable policy statement, such as U.S.S.G. § 1B1.13.  *United States v. Taylor*, No. 20-4241, 2021 WL 2182320, at *2 (6th Cir. May 28, 2021) (citing *United States v. Tomes*, 990 F.3d 500, 502 (6th Cir. 2021) (citing 18 U.S.C. § 3582(c)(1)(A)).

the Rule 11(c)(1)(C), whereby Defendant would be sentenced to a term of 120-months, as opposed to a guidelines sentence of 140-175 months.

The Court finds that Defendant has not shown "extraordinary and compelling" circumstances or reasons warranting compassionate release. And, because Defendant has not made this showing, the Court need not evaluate the § 3553 factors.

Accordingly, and for the reasons set forth above, Defendant's Motion is DENIED.

**IT IS SO ORDERED.**


Date: January 11, 2023

    s/Pamela A. Barker
PAMELA A. BARKER
U. S. DISTRICT JUDGE